IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  1:05-cr-082 |
| Plaintiff, | ) | |
| | ) | **PRELIMINARY ORDER OF** |
| -vs- | ) | **FORFEITURE** |
| | ) | |
| JERALD VINCENT PROELL, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, in the Superseding Indictment regarding the above case, the United States sought forfeiture of specific property of the above-captioned defendant, JERALD VINCENT PROELL, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), as property used, or intended to be used, to commit or to promote the commission of violations of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) and Title 26, United States Code, Section 5861(d) and 587118, United States Code, Section 2422(b);

AND AS A RESULT of the guilty verdict on May 17, 2006, of Counts One, Two, and Three of the Superseding Indictment, together with the stipulation of the parties, the defendant, JERALD VINCENT PROELL, shall forfeit to the United States of America all of his right, title and interest to said property;

It is hereby ORDERED, ADJUDGED and DECREED:

1.   That all of the defendant's right, title and interest in the following property is hereby forfeited, that the United States is hereby authorized to seize the following property at the time of sentencing, and it will be forfeited to the United States of America for disposition in accordance with the law, that being**:**

> One Sten (style) 9mm machine gun which appears to be of clandestine manufacture, and which was stamped with "STEN MC," "F25014," "S68," and with other markings
>
> A Beretta, Model 950 BS, .22 short caliber semi-auto pistol, Serial No. BER40387T
>
> 5 rounds of CCI brand .22 short caliber ammunition contained within a Beretta magazine
>
> A Romarm/Cugir, Model SAR1, 7.62x39mm caliber rifle, Serial No. S1-30712-2000, imported by C.A.I., St. Albans, Vermont
>
> 152 rounds of 7.62x39mm caliber ammunition, with headstamps indicating manufacture by Klimovsk Stamping Plant and Ulyanovsk Machinery Plant, Russia, contained within 5 SKS style magazines
>
> 39 rounds of .223 caliber ammunition, with a headstamp indicating manufacture by Olympic Industries, Greece, contained within 2 AR15 style magazines
>
> 89 rounds of 9mm ammunition, with headstamps indicating various manufacturers, contained within 4 Sten magazines.
>
> A Colt, Model AR-152A2 Government Carbine, .223 caliber rifle, Serial No. GC018285
>
> A Browning, Model A-Bolt, .22-250 caliber rifle, Serial No. 70217NRH17
>
> 552 rounds of various caliber rifle and pistol ammunition in magazines, boxes and plastic clips, including ammunition for a large caliber firearm

2.      That all of the aforementioned forfeited property is to be held by the Bureau of Alcohol, Tobacco & Firearms in their custody and control.

3.      That the Bureau of Alcohol, Tobacco & Firearms shall publish at least once for three successive weeks in the McLean County Independent, a newspaper of general circulation where the forfeited property was seized, notice of this Order, notice of the Government's intent to dispose of the property in such manner as the United States may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.  That upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

ORDERED this 11th day of July 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court